UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joeffre Kolosky,  Civil No. 09-2294 PJS/AJB

                Plaintiff,

v.  **REPORT AND RECOMMENDATION
ON MOTION TO DISMISS**

Nationwide Life Ins. Co.,

                Defendant.

Plaintiff Joeffre Kolosky, pro se;

Jerry D. Van Cleave, Esq., for defendant Nationwide Life Ins. Co.

This matter is before the court, Magistrate Judge Arthur J. Boylan, on defendant Nationwide Life Ins. Co.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, and 12(d), summary judgment based upon submission of matters outside the pleadings [Docket No. 5]. Plaintiff asserts diversity jurisdiction. Hearing was held on December 8, 2009, at the U.S. Courthouse, 316 No. Robert Street, St. Paul, MN 55101. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). For reasons discussed below the magistrate judge recommends that defendant's motion to dismiss the complaint be granted and that this action be dismissed on *res judicata* grounds.

## DISCUSSION

**Background and Claims**

Plaintiff Joeffre Kolosky is a certified softball umpire and has worked in that capacity for over ten years. He alleges that he injured his right knee in 2003, and that he

suffered an injury to his left knee on June 1, 2006, when he backed up to get out of the way of a catcher and felt a snap in the left knee. He noted the latter injury by contemporaneous comment to the catcher, but continued to umpire the game. Mr. Kolosky put ice on the knee when swelling occurred during the following weekend, and he advised his supervisor about the condition, but he continued to do softball umpiring throughout the summer and fall of 2006, even as he was experiencing pain in both knees. Plaintiff saw a physician on October 31, 2006, and he underwent an MRI shortly thereafter. The MRI revealed ligament damage in the left knee. Surgery was performed on the left knee in March 2007, and another surgery was performed on the same knee in April 2007, after it became infected. Mr. Kolosky continued to undergo daily treatment for the knee infection into June 2007.

Plaintiff Kolosky's umpiring duties were under the auspices of the United States Specialty Sports Association, Inc. ("USSSA"). Plaintiff was an insured person under a Specified Hazard Insurance Policy issued to the USSSA by defendant Nationwide Life Insurance Co. ("Nationwide").[1] K&K Specialty Benefits, Inc. was the claims administrator and K&K Insurance Group, Inc. was the policy underwriter. Plaintiff submitted a claim under the policy for medical expenses relating to injuries to both knees.[2] The claim was denied pursuant to a policy provision that limited coverage to "incurred expenses starting within 90 days form the date of the accident causing the injury."[3] Mr. Kolosky thereafter commenced an action against

---

[1] Compl., Ex. 1.

[2] The record does not clearly indicate how or when the insurance claim was submitted to the insurer.

[3] Id., page 3B. Affidavit of Jerry D. Van Cleave in Support of Nationwide Life Insurance Co.'s Motion to Dismiss, Ex. 6, page 4.

K&K Specialty Benefits, Inc. ("K&K") in Dakota County, Minnesota, Conciliation Court on July 27, 2007, seeking damages under the USSSA policy.[4] A conciliation court hearing was held on September 21, 2007, and judgment was entered in favor of the defendant on September 24, 2007.[5] Plaintiff Kolosky appealed the conciliation court decision for trial *de novo* in district court. A Scheduling Order was issued,[6] and written discovery was conducted.[7] A jury trial was commenced on May 5, 2008;[8] the case was dismissed with prejudice by directed verdict (judgment as a matter of law) pursuant to Order by the district court dated May 5, 2008;[9] and judgment was filed on May 12, 2008.[10] Prior to jury selection on May 5, 2008, the parties agreed, on the record, that Nationwide was the proper defendant in the action, and Nationwide was substituted as the named defendant in the case caption.[11] Mr. Kolosky commenced the present action against Nationwide by complaint filed on August 31, 2009.[12]

---

[4] Affidavit of Jerry D. Van Cleave in Support of Nationwide Life Insurance Co.'s Motion to Dismiss, Ex.1.

[5] Id., Ex. 2. The court noted that there was no coverage under the policy because it required submission of a claim within 90 days of accident.

[6] Id., Ex. 3.

[7] Id., Ex. 4, Plaintiff's response to request for Admissions, and Ex. 5, Plaintiff's Response to K&K request for documents and answers to questions.

[8] Id., Ex. 7.

[9] Id., Order for Dismissal.

[10] Id., Notice of Filing of Order.

[11] Nationwide Life Insurance Co.'s Reply Brief in Support of its Motion to Dismiss, Ex. 1, Trial Transcript, page 2.

[12] Plaintiff previously attempted to present claims against Nationwide in a federal court action entitled Kolosky v. Minnesota Housing Finance Agency, et al., Minn. Dist. Ct. Civil File

Defendant Nationwide now moves for dismissal of this case on grounds that a final decision on the merits has been rendered and judgment was entered in a Minnesota state court action based upon the same factual circumstances, and that the state court judgment is fully recognized by the federal courts and serves to bar the present case pursuant to the doctrine of *res judicata*. Plaintiff Joeffre Kolosky opposes the motion to dismiss, asserting that *res judicata* does not apply because Nationwide was not the named defendant in the state court case.

**Standard of Review**

**Rule 12 Motion to Dismiss.** A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct.

---

No. 08-2048 MJD/AJB. This was a case in which a residence foreclosure was being challenged and in which Mr. Kolosky further sought to assert his insurance coverage claim against Nationwide. Plaintiff's motion for default judgment against Nationwide was denied, and claims against Nationwide were dismissed without prejudice, based upon plaintiff's failure to properly accomplish service of process. Memorandum Opinion and Order dated October 6, 2008 [Civil File No. 08-2048 MJD/AJB, Docket No. 25], and Order on request for reconsideration dated November 14, 2008 [Civil File No. 08-2048 MJD/AJB, Docket No. 28]. The court's October 6, 2008, Order further provided that Mr. Kolosky was precluded from filing any new pro se lawsuit without the permission of the Chief Judge for the District of Minnesota. Such permission was granted by the Chief Judge with respect to the present action on the date of filing.

at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote.  Id. at 1965.  However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings.  Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)).  See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).  Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference.  Piper Jaffray, 967 F. Supp at 1152.  In addition, materials which are public record may be considered in deciding a motion to dismiss.  E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)).  On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment.  Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

5

In support of its motion to dismiss, defendant Nationwide has submitted two Affidavits of Jerry D. Van Cleave with multiple exhibits, and plaintiff Kolosky has submitted exhibits as attachments to his complaint and his response in opposition to the motion to dismiss. The Van Cleave affidavits are offered solely to introduce exhibits[13] which are court and litigation documents central to the issue of *res judicata* that is presented in this case. Plaintiff identifies his response exhibits A-C as documents filed in the previously dismissed federal action,[14] and Ex. D is not considered in regard to the motion. Review of the pleadings and the documents provided by each of the parties reveals that the material is either public record or has been incorporated into the complaint by way of attachment and direct reference. In addition, plaintiff asserts no objection to the court's consideration of the materials for purposes of the Rule 12 motion to dismiss. Neither plaintiff's nor defendants' extraneous submissions in support of their respective arguments on dismissal pursuant to Rule 12(b)(6) compel the court to address the motion to dismiss under Rule 56, and the court has reviewed the materials in the context of a Rule 12 motion only.

### *Res Judicata*

Defendant Nationwide contends that the claim in this case was decided pursuant to a judgment in Minnesota state court and the case is therefore barred by *res judicata*. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was entered."

---

[13] Each of the exhibits is a state court document or a document relating to discovery in the state court litigation.

[14] Kolosky v. Minnesota Housing Finance Agency, et al., Minn. Dist. Ct. Civil File No. 08-2048 MJD/AJB. See Plaintiffs response to Defendant's Motion to Dismiss, page 2, ¶ 6.

Radunz v. Meyer, 2009 WL 504691 at *4 (D. Minn., Feb. 26, 2009) (quoting Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984)). Therefore, Minnesota's principles of *res judicata* are properly applied to determine whether state court rulings have a preclusive effect on the claims in this federal case. Minnesota law provides that a party is precluded from raising claims in a second action when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter. Id. (citing Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., N.W.2d 209, 220 (Minn. 2007). The doctrine applies to claims that could have been litigated as well as claims actually litigated. Id. at *5 (citing State v. Joseph, 636 N.W.2d, 322, 327 (Minn. 2001)). "*Res judicata* "is essentially a finality doctrine which dictates that there be an end to litigation.'" Id. (citing Dorso Trailer v. American Body & Trailer, 482 N.W.2d 434, 438 (Minn 1990)). Consequently, it is "well established in Minnesota that a party 'should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation.'" Id. (citing Hauser v. Mealey, 263 N.W.2d 803, 807 (Minn. 1978)).

    Defendant Nationwide contends that each of the four factors in the *res judicata* test has been satisfied in favor of application of the doctrine and the case should therefore be dismissed. First, plaintiff's claim in this federal action relates to coverage under the same insurance policy, for the same left and right knee injuries that occurred in 2006 while the plaintiff was working as an umpire. Review of state court documents[15] that are submitted as

---

[15] Affidavit of Jerry D. Van Cleave in Support of Nationwide Life Insurance Co.'s Motion to Dismiss, Ex. 5., Response to K&K request for document and answers to questions. State of Minnesota, Dakota County, 1st Judicial District, Court File No. C2-07-15474, December

exhibits in this case, along with the pleadings in this federal case,[16] indicate that plaintiff is now making essentially the same insurance coverage claim that was presented in the state court case. The first *res judicata* factor is satisfied.

Second, defendant states that this federal case involves the same parties that were involved in the state court case, i.e. plaintiff Kolosky and defendant Nationwide. In opposition Mr. Kolosky insists that he sued K&K Speciality Benefits, Inc.,[17] and not Nationwide; that he did not consent to any substitution of defendants in the state action; and that state court exhibits submitted by the defendant further indicate that K&K Specialty Benefits, Inc. was the defendant in the state case. Finally, plaintiff offers a letter dated April 30, 2008,[18] from defendant's counsel, which references K&K Specialty Benefits, Inc. as the captioned defendant. However, notwithstanding plaintiff's contrary recollections and unsubstantiated accusations of fraud, the record clearly establishes that immediately prior to trial on May 5, 2008, the plaintiff expressly acknowledged that Nationwide Life Insurance Company was the appropriately named defendant in the state case.[19] Evidence conclusively establishes that the parties in this matter are the same parties that were involved in the previous Dakota County state case, and the second *res judicata* factor is therefore satisfied.

---

3, 2007.

[16] Compl., pp. 4-5, ¶¶ 1A-4A.

[17] See Affidavit of Jerry D. Van Cleave in Support of Nationwide Life Insurance Co.'s Motion to Dismiss, Ex. 1, Statement of Claim and Summons in Conciliation Court.

[18] Plaintiffs response to Defendant's Motion to Dismiss, Ex. D.

[19] Nationwide Life Insurance Co.'s Reply Brief in Support of its Motion to Dismiss, Ex. 1, Trial Transcript dated May 5, 2008, page 2.

The third factor to be considered by the court is whether final judgment on the merits was entered in the state case. In this regard the defendant offers unrebutted evidence to show that the state action was dismissed with prejudice pursuant to a directed verdict and entry of judgment as a matter of law by Order dated May 5, 2008,[20] and issuance of the Notice of Filing of Order dated May 13, 2008,[21] thereby commencing the time for appeal. The case was not dismissed for lack of jurisdiction, improper venue, failure to join a party, or on the basis of other procedural grounds, and therefore was an adjudication on the merits. See Brown v. White Castle System, Inc., 2006 WL 3335529 (E.D. Mo., November 16, 2006)(unreported decision). Plaintiff does not argue that this factor was not satisfied.

Finally, the court must consider whether Mr. Kolosky had a full and fair opportunity to litigate the matter in the prior state court proceeding. Plaintiff commenced an action in conciliation court and lost in that venue. He appealed the conciliation court decision for *de novo* jury trial. A litigation Scheduling Order was issued, discovery and motion practice took place, and plaintiff presented evidence to the jury. Although the court determined that the plaintiff failed to make his case as a matter of law, and therefore directed a verdict for the defendant insurer, it is clear that Mr. Kolosky had a full and fair opportunity to litigate this matter and present his claims in the state court proceeding. The fourth *res judicata* factor is satisfied.

For his argument in opposition to the motion to dismiss the plaintiff focuses on

---

[20] Affidavit of Jerry D. Van Cleave in Support of Nationwide Life Insurance Co.'s Motion to Dismiss, Ex. 7.

[21] Id.

9

his contentions that Nationwide was not the named defendant in the state court case and his denial that he had agreed to a substitution of defendants on the case caption, relying wholly on conclusory assertions, bare denials, and unsupported accusations of insurance fraud. Mr. Kolosky offers no evidence to effectively rebut Nationwide's showing that he had in fact agreed to a caption change on the record on the day of trial, May 5, 2008. In any event, the doctrine of *res judicata* would almost certainly bar this action in federal court even if the defendant in the state case had not been substituted. As noted previously, the doctrine applies to claims that could have been litigated as well as claims actually litigated. Radunz v. Meyer, 2009 WL 504691 at *5 (citing State v. Joseph, 636 N.W.2d, 322, 327). The same USSSA insurance policy at issue in the state and federal actions was issued by Nationwide, and the claim could have initially been asserted against the insurer from the beginning. Consequently, *res judicata* would apply as a bar to the present federal litigation even if there had not been a formal substitution in the state action. Defendant Nationwide has presented evidence sufficient to establish that the doctrine of *res judicata* applies in this instance and the case should be dismissed.

Based upon the above discussion, and in consideration of all the file and records in this action, including the memorandums, affidavits, and exhibits that are before the court, the magistrate judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that defendant Nationwide Life Insurance Company's Motion to Dismiss be **granted** [Docket No. 5] and that the complaint in this matter be **dismissed** with prejudice. It is **further recommended** that defendant's request for an order precluding plaintiff Joeffre Kolosky from engaging in further litigation with Nationwide and its

affiliates be denied as **moot**. An Order requiring that Mr. Kolosky obtain permission from the Chief Judge before commencing any further pro se actions in United States District Court for the District of Minnesota is already in effect.

Dated:     January 13, 2010

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

    Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 28, 2010.

    Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.