```
UNITED STATES DISTRICT COURT
    DISTRICT OF MINNESOTA
```

| | |
|---|---|
| JOEFFRE KOLOSKY, | Case No. 09-CV-2294 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| NATIONWIDE LIFE INSURANCE COMPANY, | |
| Defendant. | |

Joeffre Kolosky, pro se.

Jerry D. Van Cleave, LAW OFFICE OF SETTANO & VAN CLEAVE, for defendant.

This matter is before the Court on plaintiff Joeffre Kolosky's objection to the January 13, 2010, Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan. Judge Boylan recommends dismissing this action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. Specifically, Judge Boylan found that Kolosky's claim is barred by the doctrine of res judicata. *See Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007); *Gubernik v. McCormick & Co., Inc.*, 894 F.2d 320, 321 (8th Cir. 1990). The Court has reviewed de novo those portions of the R&R to which Kolosky has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

The Court overrules Kolosky's objection and adopts Judge Boylan's R&R. The Court does not doubt the sincerity of Kolosky's belief that he is entitled to recover under the insurance policy issued by Nationwide Life Insurance Company ("Nationwide"). But Kolosky litigated his claim in state court, and he lost. Under the doctrine of res judicata, he cannot litigate his claim a second time — in either federal or state court.

The Court recognizes that Kolosky believes that the state court was *wrong* in dismissing his claim and that he was treated unfairly by certain state-court judges. But under what is known as the *Rooker-Feldman* doctrine, a federal court has no authority to review and correct the rulings of state-court judges. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Rather, those rulings must be appealed within the state-court system — first to the Minnesota Court of Appeals, and then to the Minnesota Supreme Court.

Kolosky also included in his objection a motion pursuant to Fed. R. Civ. P. 18(a) to "join claims and remedies" for defamation against opposing counsel Jerry Van Cleave, Judge Joe T. Carter, Judge Mike Mayer, and Judge Dick Spicer. Kolosky's motion is denied for several reasons:

First, Kolosky's motion does not comply with Local Rule 7.1.

Second, Rule 18(a) would allow Kolosky to join additional claims against *an existing party* — that is, against Nationwide. It does not allow Kolosky to join *new parties*.

Third, this Court almost surely does not have jurisdiction over the claims that Kolosky seeks to bring. Kolosky appears to be a citizen of Minnesota, those he wishes to sue appear to be citizens of Minnesota, and the claims he seeks to bring are state-law tort claims. This Court would have no power to hear such claims.

Finally, it appears highly unlikely that Kolosky will be able to recover on his claims. Before Kolosky files those claims in state court, he should review the cases that establish immunity for statements made in the course of judicial proceedings. As the Minnesota Supreme Court said over a half-century ago:

> The general rule in this country is that, with certain recognized exceptions, defamatory matter published in the due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation although made maliciously and with knowledge of its falsehood. It extends to the protection of the judge, the jury, the party or parties, counsel, and witnesses.

*Matthis v. Kennedy*, 67 N.W.2d 413, 417 (Minn. 1954).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Kolosky's objection [Docket No. 17] and ADOPTS Judge Boylan's Report and Recommendation [Docket No. 16]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Nationwide Life Insurance Company to dismiss [Docket No. 5] is GRANTED;

2. The motion of plaintiff Joeffre Kolosky to join defamation claims against Jerry Van Cleave, Judge Joe T. Carter, Judge Mike Mayer, and Judge Dick Spicer [Docket No. 17] is DENIED;

3. The request of defendant Nationwide Life Insurance Company for an order precluding plaintiff Joeffre Kolosky from engaging in further litigation regarding this dispute with Nationwide Life Insurance Company or its affiliates [Docket No. 5] is DENIED AS MOOT; and

4. This action is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 1, 2010        s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge